**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Elizabeth Lopez,<br><br>Plaintiff,<br><br>v.<br><br>GEICO Indemnity Company, et al.,<br><br>Defendants. | No. CV-19-01748-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant GEICO Indemnity Company's ("GEICO") motion to dismiss, which is fully briefed. (Docs. 14, 17, 19.) For the following reasons, the Court will deny GEICO's motion.

**I. Background**

Plaintiff Julie Lopez was involved in an automobile accident with a non-party on June 10, 2014 in Maricopa County, Arizona. (Doc. 8 at 3.) Plaintiff alleged that she was insured by GEICO with underinsured motorist limits of up to $100,000 per person, but GEICO disagreed on the value of Plaintiff's underinsured motorist claim. (*Id.* at 4-5.) On June 10, 2017, GEICO offered Plaintiff $40,000. (*Id.* at 5.) Plaintiff thereafter filed a complaint for breach of contract and bad faith against GEICO in the Maricopa County Superior Court, and the action was removed to this Court. (*Id.* at 7.) The parties soon stipulated to a dismissal of the complaint without prejudice in order to complete arbitration on the breach of contract claim. (*Id.*) The Honorable David G. Campbell ordered that

Plaintiff would be required to file any lawsuit on the bad faith claims no later than 45 days following the entry of an arbitration award. (*Id.*) Ultimately, however, the parties did not arbitrate. (*Id.* at 8.) Rather, prior to the arbitration hearing, on January 15, 2019, GEICO agreed to tender the remaining limits of the $100,000 policy to Plaintiff, and the parties reached a settlement. (*Id.*) The remaining funds were deposited into the trust account of Viper Law Group on January 30, 2019. (*Id.*) Plaintiff filed her complaint on the bad faith claims on March 15, 2019. (Doc. 1.) GEICO then moved to dismiss, asserting that Plaintiff's suit is untimely. (Doc. 14.) The motion is now ripe.

**II. Legal Standard**

A motion to dismiss based on untimeliness is properly brought under Rule 12(b)(6). *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "A court should not dismiss a complaint unless plaintiff cannot plausibly prove a set of facts demonstrating the timeliness of the claim." *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 546 (2007)). "Since the court cannot consider materials outside the pleadings for Rule 12(b)(6) purposes, and since the applicability of doctrines related to filing deadlines often depends on matters outside the pleadings, whether a claim is time-barred is 'not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Id.* (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

**III. Discussion**

GEICO asserts, without support, that Plaintiff's complaint is subject to dismissal because she failed to file her complaint 45 days after the date in which the parties reached a settlement. (Doc. 14 at 2.) But according to Plaintiff's first amended complaint, Judge Campbell ordered Plaintiff to file her complaint no later than 45 days following the entry of an arbitration award. (Doc. 8 at 7.) The order did not speak to settlement. Without an order directly on point, Plaintiff supposed that the accrual period began on the date of receipt of GEICO's settlement check, January 30, 2019—not the date of receipt of an email offering to tender the check, January 15, 2019—if at all. GEICO, in contrast, argues that

Judge Campbell's reference to the entry of an arbitration award equally encompasses entry into a settlement agreement.

The Court cannot adopt GEICO's approach at the motion to dismiss stage, where construction must be in favor of the non-moving party and the Court cannot consider materials outside the pleadings. *Usher v. City of Los Angeles*, 828 F. 2d 556, 561 (9th Cir. 1987). To be clear, the Court is not definitively concluding that Plaintiff's complaint is timely. Rather, because the prior dismissal order is ambiguous with respect to settlement agreements, the Court must construe it in Plaintiff's favor at the time. Nothing in this order precludes GEICO from reasserting its untimeliness defense at summary judgment or trial if there is evidence that, in stipulating to dismissal of the first lawsuit, the parties intended for the 45-day deadline to begin on the date of entry into a settlement agreement.

**IT IS ORDERED** that GEICO's motion to dismiss (Doc. 14) is **DENIED**.

Dated this 22nd day of October, 2019.

Douglas L. Rayes
United States District Judge