WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Elizabeth Lopez,<br><br>   Plaintiff,<br><br>v.<br><br>GEICO Indemnity Company, et al.,<br><br>   Defendants. | No. CV-19-01748-PHX-DLR<br><br>**ORDER** |

Before the Court is GEICO Indemnity Company's ("GEICO") motion for summary judgment, which is fully briefed. (Docs. 51, 56, 57.) For the following reasons, the Court will deny GEICO's motion.

On June 10, 2014, Julie Lopez sustained severe injuries in an auto accident. (Doc. 8 at 3.) The at-fault motorist's insurance policy was insufficient to fully cover Ms. Lopez's claims, so she filed an underinsured motorist ("UIM") claim with her insurance provider, GEICO. (*Id.* at 4.) Ms. Lopez and GEICO disputed the value of her UIM claim, so Ms. Lopez filed a lawsuit bringing claims for breach of contract and bad faith. (*Id.* at 7.) At the initial scheduling conference, the parties agreed to arbitrate the UIM claim and dismiss the suit without prejudice. (Doc. 51-1 at 34-38.) The stipulation to dismiss states, in relevant part,

> The parties have agreed to proceed to a binding arbitration of the [UIM claim.] To the extent that Plaintiff chooses to pursue the only remaining claim of bad faith after the binding arbitration of the [UIM claim] is complete, any lawsuit for this

remaining claim must be filed within 45 days of entry of the arbitration award for the [UIM claim.]

(Doc. 51-1 at 25.) Judge Campbell granted the stipulation on July 2, 2018. (*Id.* at 29.) On January 15, 2019, GEICO agreed to tender the remaining limits of Ms. Lopez's policy and emailed the arbitrator to inform him that his services were no longer required. (Doc. 56 at 34, 40.) On January 28, 2019, along with the funds, GEICO sent a release, which Ms. Lopez refused to sign.[1] The funds were deposited on January 30, 2019. (Doc. 8 at 8.)

Ms. Lopez filed this lawsuit on March 15, 2019. (Doc. 1.) On June 1, 2020, GEICO brought its motion for summary judgment, which argues that Ms. Lopez's suit is untimely. Particularly, GEICO asserts that the parties' stipulation required Ms. Lopez to file her bad faith claims within 45 days of the entry of not only an arbitration award but also any other "resolution" of the UIM claim. (Doc. 51 at 3.) Therefore, GEICO contends that—because GEICO offered to tender the remaining limits of Ms. Lopez's policy and cancelled the arbitration on January 15, 2019—Ms. Lopez was required to file her suit within 45 days of that date—by March 1, 2019—rendering her March 15, 2019 filing untimely.

While GEICO admits that the stipulation explicitly states that the 45-day limitation period is contingent upon entry of an arbitration award and is silent as to any other contingency, it insists that the stipulation implicitly applies the limitation to any scenario in which the UIM claim resolved, because—it argues—this reading reflects the parties' intent. GEICO's argument is misplaced. When interpreting a contract, the Court first looks to the plain meaning. Only when faced with ambiguity will it review extraneous materials to determine intent. *See United California Bank v. Prudential Ins. Co. of Am.,* 681 P.2d 390, 410 (Ariz. Ct. App. 1983) ("If the meaning of a contract can be determined from the four corners of the document and cannot reasonably be construed in more than one sense, extraneous documents are irrelevant and the court must give effect to the language of the agreement."). Here, the stipulation plainly states that the 45-day clock begins ticking upon "entry of the arbitration award." This phrase is not ambiguous such that it could reasonably

---

[1] Counsel for GEICO inquired about the status of the unsigned release as late as March 2, 2019. (Doc. 56 at 51.)

encompass unmentioned contingencies.  If it was the parties' intent[2] for the 45-day clock to also begin running following resolution of the UIM claim by alternate means, they could have drafted the stipulation to include language to that effect.  Accordingly,

**IT IS ORDERED** that GEICO's motion for summary judgment (Doc. 51) is **DENIED.**

Dated this 2nd day of September, 2020.

Douglas L. Rayes
United States District Judge

---

[2] Ms. Lopez has produced evidence suggesting that it was not the parties' intent for the 45-day limit to similarly apply following any form of resolution of the UIM claim and indicating that the UIM claim, nevertheless, was not resolved 45 days prior to the filing of the instant suit.  Because these two issues appear, at the very least, subject to disputes of material fact, even if the Court were to look beyond the four corners of the stipulation, summary judgment would be inappropriate.